[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2010
JOHN LEY
CLERK

No. 10-10157
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20633-UU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID ST. REMY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 14, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

David St. Remy appeals his 46-month sentence, which is at the low end of the guideline range, for illegally re-entering the United States after having been removed. 8 U.S.C. § 1326(a)(2), (b)(2). On appeal, St. Remy argues the district court violated his due process rights by declining to grant a downward variance based on a Bahamian warrant for his arrest in connection with a murder charge and his inclusion on a most-wanted list. Specifically, he contends the court: (1) improperly inferred he was guilty of murder, (2) improperly admitted the documents into the record because they were unreliable, and (3) relied on this unreliable information as the basis for his sentence. After review for plain error, we affirm St. Remy's sentence.[1]

Under 18 U.S.C. § 3553(a), a sentencing court is required to consider "the history and characteristics of the defendant" in imposing a sentence. 18 U.S.C. § 3553(a)(1). "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Nonetheless, "due process assures the

---

[1] Because St. Remy failed to argue below that the court's reliance on the Bahamian search warrant and most-wanted list violated his due process rights, review is for plain error only. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). Plain error requires the defendant to show: (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

2

defendant he will be given adequate notice and an opportunity to contest the facts relied upon to support his criminal penalty." *United States v. Satterfield*, 743 F.2d 827, 840 (11th Cir. 1984). "The sole interest being protected is the right not to be sentenced on the basis of invalid premises or inaccurate information." *Id.* To establish a due process violation based on the court's reliance on false or unreliable information, the defendant must show: "(1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence." *United States v. Reme*, 738 F.2d 1156, 1167 (11th Cir. 1984).

St. Remy has failed to show that the district court plainly erred in denying his request for a downward variance. First, he has failed to show the foreign arrest warrant and the most-wanted list were unreliable because he never filed an objection to the PSI setting forth this information, and he did not contest their reliability or validity at sentencing. Accordingly, these facts are deemed admitted by St. Remy. *See United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009) ("Facts contained in a PSI are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court 'with specificity and clarity.'").

Second, nothing in the record suggests the district court inferred St. Remy was guilty of the murder and relied on this inference to impose a harsher sentence.

The district court explicitly stated it did not know what happened, but found it difficult to accept St. Remy was a reformed man. This does not constitute plain error because a district court is required to consider a person's history and characteristics in imposing a sentence and is permitted to rely on any information concerning a person's character as long as it is not materially false or unreliable. Moreover, the court did not enhance St. Remy's sentence based on the fact that he was wanted for murder. Rather, the district court declined to grant a downward variance based on many factors, including St. Remy's criminal history that included "a lot" of "very serious crimes." Accordingly, St. Remy has failed to establish that his due process rights were violated or that the district court committed plain error.

**AFFIRMED.**